UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSE ORRACA,

                                Plaintiff,

                                                       9:04-CV-1249
                              v.                                   (DNH)(DRH)

DR. LEE,

                                Defendant.
_____

APPEARANCES:                            OF COUNSEL:

JOSE ORRACA
Plaintiff, *pro se*

MAYNARD O'CONNOR LAW FIRM        AARON M. BALDWIN, ESQ.
Counsel for Defendant

DAVID R. HOMER, U. S. MAGISTRATE JUDGE

## DECISION and ORDER

Presently before the Court is a motion to compel discovery from pro se plaintiff Jose Orraca. Dkt. No. 45. Plaintiff states that he seeks an order of this Court directing defendant to produce "a copy of the medical records of this action." *Id*.[1]

Defendant has filed papers in opposition. Dkt. No. 49.

This action was commenced in October, 2004. Plaintiff asserts claims against defendant Edward Lee, M.D. arising out of medical care provided by the defendant during the period May 1996 through November 2001. Plaintiff complains that defendant was deliberately indifferent to plaintiff's serious medical needs in failing to provide adequate and necessary follow-up care after a surgical procedure performed by defendant on November 9, 2001, at Albany Medical Center.

---

[1] Defendant has filed a motion for summary judgment (Dkt. No. 51), which will be addressed by separate order.

By his motion to compel, plaintiff complains that defendant improperly refused to provide plaintiff with a copy of his medical records. Dkt. No. 45. According to plaintiff, defendant was directed to provide plaintiff with copies of his medical records by Order of this Court filed March 23, 2006. Dkt. No. 36 (the "March Order").

At the outset, the Court notes that while the March Order addressed various outstanding discovery issues in this action, the Order did not direct defendant to provide plaintiff with documents and does not provide a basis for the relief requested in the present motion to compel. However, in light of plaintiff's *pro se* status, the Court has considered whether plaintiff is otherwise entitled to copies of medical records obtained by defendant's counsel.

Upon review, it appears that the medical records in issue are those maintained by the New York State Department of Correctional Services ("DOCS").[2] These records, numbering approximately 400 pages, were apparently obtained by defendant's counsel pursuant to an authorization provided by plaintiff. By letter dated March 30, 2006, defendant's counsel offered to provide plaintiff with copies of the DOCS records upon plaintiff's payment of $149.75 (an amount which counsel states is one-half of the copying cost). Dkt. No. 49 ¶ 12 & ex. D. In opposition to plaintiff's motion to compel, counsel states that plaintiff did not respond to that letter and that counsel has since made notations on the medical records and is no longer able to reproduce them in the form in which they were received from DOCS. *Id*. at ¶ 13.

---

[2] Medical records maintained by defendant and by the Albany Medical Center Hospital regarding plaintiff's care were provided to plaintiff by defendant's counsel at no cost. See Dkt. No. 49 at ¶ 5.

2

Plaintiff does not dispute defendant's offer to provide him copies of the documents but, rather, claims that in light of his *pro se* status he should not be required to pay copying costs.  Dkt. No. 45 at ¶ 10.  However, even assuming that plaintiff had properly requested production of these documents in the course of discovery in this action, plaintiff is not entitled to free copies.  Under federal law, the party responsible for production generally bears the cost of making the documents available for inspection. *Zubulake v. UBS Warburg, LLC*, 216 F.R.D. 280, 283 (S.D.N.Y.2003) (citing Federal Rule of Civil Procedure 26(b)(1) and (2)).  If the party seeking the discovery wants copies of the requested documents, it must pay the reasonable costs thereof.  *Brassco, Inc. v. Klipo*, 2004 WL 1385816, at *5 (S.D.N.Y. June 21, 2004) (citations omitted). Moreover, the granting of *in forma pauperis* status does not shift the entire financial burden of litigation either to the Court or to the opposing parties.  Instead, a party is required to pay the costs of discovery, including the costs of obtaining copies of requested documents, despite the fact that he has been found to be indigent.  *See, e.g., Guinn v. Hoecker*, 43 F.3d 1483 (10th Cir.), *cert. denied*, 514 U.S. 1118 (1995).

In this case, while plaintiff served interrogatories on defendant, it does not appear that he requested the production of the medical records maintained by DOCS.[3] Accordingly, defendant was not obligated to produce those documents, and was certainly not required to provide copies thereof to plaintiff at no cost.

WHEREFORE, for the reasons set forth above, it is hereby

---

[3] As noted, defendant obtained the records from DOCS pursuant to an authorization provided by plaintiff.  Plaintiff has access to his medical records at his current facility.

ORDERED, that plaintiff's motion to compel (Dkt. No. 45) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

Dated:   January 9, 2007

*David R. Homer*
United States Magistrate Judge