**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOSE ORRACA,

                          Plaintiff,

    v.                                          No. 04-CV-1249
                                                (DNH/DRH)

DOCTOR LEE,

                          Defendant.

---

**APPEARANCES:**                          **OF COUNSEL:**

JOSE ORRACA
No. 93-A-9300
Plaintiff Pro Se
Southport Correctional Facility
Post Office Box 2000
Pine City, New York 14871

MAYNARD, O'CONNOR, SMITH           MICHAEL T. SNYDER, ESQ.
& CATALINOTTO, LLP                        AARON M. BALDWIN, ESQ.
Attorneys for Defendant
6 Tower Place
Albany, New York 12203

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER [1]

    Plaintiff pro se Jose Orraca ("Orraca"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant Dr. Edward Lee ("Dr. Lee") violated his constitutional

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

rights under the First, Eighth, and Fourteenth Amendments.[2]  Am. Compl. (Docket No. 6).  Presently pending is Dr. Lee's motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Docket No. 51.  Orraca opposes the motion.  Docket No. 53.  For the following reasons, it is recommended that Dr. Lee's motion be granted.

## I. Background

The facts are presented in the light most favorable to Orraca as the non-moving party.  See Ertman v. United States, 165 F. 3d 204, 206 (2d Cir. 1999).[3]

At all relevant times, Orraca was an inmate in the custody of DOCS.  After complaining of a rectal prolapse, Orraca was examined by Dr. Lee on September 17, 2001.  Lee Aff. (Docket No. 51) at ¶ 4; Docket No. 51, Ex. E at 4.  Dr. Lee recommended that Orraca proceed with an examination under anesthesia for performance of either a hemorrhoidectomy or a perianal proctectomy.  Lee Aff. at ¶ 4.  Orraca consented to the procedure and Dr. Lee performed the surgery on November 9, 2001, removing approximately three large hemorrhoids.  See Docket No. 51, Ex. E at 6, 20-24.  After

---

[2] However, even liberally construed, the complaint fails to set forth sufficient allegations to constitute either a First or a Fourteenth Amendment claim and, thus, Orraca's claims are properly addressed under the Eighth Amendment.

[3] Dr. Lee contends that Orraca has failed to answer his Statement of Material Facts in violation of N.D.N.Y.L.R. 7.1(a)(3) and, thus, Dr. Lee's factual allegations should be deemed admitted for the purpose of this motion.  Docket No. 54.  However, Orraca did respond to the motion.  See Docket No. 53.  Because of Orraca's pro se status and his substantial compliance with the rule, the Court accepts Orraca's response in opposition to Dr. Lee's motion for summary judgment.

surgery, Orraca was transferred to the post-anesthesia care unit ("PACU") in stable condition. Id. at 6. This action followed.

## II. Discussion

Orraca's sole cause of action alleges that Dr. Lee was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

### A. Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact

could find in favor of the non-moving party for a court to grant a motion for summary judgment.  Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).  When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude.  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-48.

### B. Medical Care

A prisoner advancing an Eighth Amendment claim for denial of medical care must allege and prove deliberate indifference to a serious medical need.  Wilson v. Seiter, 501 U.S. 294, 297 (1991); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).  More than negligence is required "but less than conduct undertaken for the very purpose of causing harm."  Hathaway, 37 F.3d at 66.  The test is twofold.  First, the prisoner must show that there was a sufficiently serious medical need.  Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).  Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm.  Id.  "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  Farmer v. Brennan, 511 U.S. 825, 844 (1994).

A serious medical need is "'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)). An impairment that a reasonable doctor or patient would find important and worthy to treat, a medical condition that affects the daily activities of an individual, or the existence of chronic and substantial pain are all factors that are relevant in the consideration of whether a medical condition was serious. Chance, 143 F.3d at 702-03.

Deliberate indifference requires the prisoner to prove that the prison official knew of and disregarded the prisoner's serious medical needs. Id. at 702. Mere disagreement over proper treatment does not create a constitutional claim as long as the treatment was adequate. Id. at 703. Allegations of negligence or malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). Here, it is unclear whether Orraca's condition constitutes a serious medical need. However, even if Orraca's condition is considered serious, his Eighth Amendment claim fails to demonstrate that Dr. Lee was deliberately indifferent.

Orraca contends that Dr. Lee failed to provide proper follow-up care after the November 9, 2001 surgery to repair his internal hemorrhoids. See Am. Compl. at 4. However, the medical records demonstrate that after Dr. Lee successfully removed Orraca's hemorrhoids, Orraca was removed from the operating room in stable condition and transported to the PACU. See Docket No. 51, Ex. E at 6. While in the PACU, Orraca was

5

fully alert, had stable vital signs, and was able to ambulate at a baseline level. See id. at 45-46. Further, at the time of discharge, Orraca was not bleeding and was provided with pain medication. See id.

There is nothing in the medical records to indicate that Orraca suffered from, or complained of, any complications that required Dr. Lee to provide follow-up care after the surgery. Moreover, Orraca fails to provide any evidence to demonstrate that Dr. Lee knew of and disregarded Orraca's alleged serious medical needs resulting from the surgery. Thus, in light of Dr. Lee's documentary evidence to the contrary, Orraca's conclusory allegations that Dr. Lee denied him proper medical treatment fail to raise a genuine issue of material fact as to Dr. Lee's deliberate indifference. See Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996) ("mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment").

Therefore, it is recommended that Dr. Lee's motion on this ground be granted.

### III. Conclusion[4]

For the reasons stated above, it is hereby:

**RECOMMENDED** that Dr. Lee's motion for summary judgment (Docket No. 51) be

---

[4] Dr. Lee also contends that any claim of medical malpractice is barred by the statute of limitations. See Def. Mem. of Law (Docket No. 51) at 11-12. However, allegations of negligence or malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness. Hathaway, 99 F.3d at 553. As discussed above, Orraca fails to demonstrate that Dr. Lee was deliberately indifferent to his medical needs and, thus, any possible claim for malpractice is without merit.

**GRANTED** and the case be terminated.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 25, 2007
       Albany, New York

*David R. Homer*
United States Magistrate Judge